IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK S. YARDLEY, | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| OPEN RANGE BEEF, LLC, a Delaware Corporation | |
| Defendant. | |

COMES NOW the Plaintiff, Mark S. Yardley, by and through his attorneys, and for his causes of action against the Defendant hereby states the following:

**PARTIES-VENUE-JURISDICTION**

1. Plaintiff Mark S. Yardley is a resident of Sheridan County, Nebraska.

2. Plaintiff, Mark S. Yardley (hereinafter "Yardley"), at all relevant times alleged herein, was a resident of Gordon, Nebraska, and a former employee of Defendant Open Range Beef, LLC ("Defendant" or "Open Range").

3. At all relevant times, Open Range has been a Delaware corporation with offices in Gordon, Sheridan County, Nebraska.

4. This Court has original jurisdiction over the claims arising under Federal law and concurrent jurisdiction over the state law claims. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and the Court's pendent claim jurisdiction under 28 U.S.C. §1367(a).

5. Venue is appropriate in this District under 28 U.S.C. §§1391(b) and (c).

6. On or about February 13, 2025, less than 90 days prior to the filing of this Complaint, the Nebraska Equal Opportunity Commission issued a determination with respect to

1

Plaintiff's charges, NEB 3-22/23-5-53456-RS.

7. On or about March 20, 2025, less than 90 days prior to the filing of this Complaint, the US Equal Employment Opportunity Commission issued a determination to the Plaintiff with respect to Plaintiff's charges, Charge No. 32E-2023-00404.

## FACTUAL BACKGROUND

8. Yardley commenced employment with Defendant in October 2021. Yardley most recently worked for Open Range as a driver.

9. Yardley is married to a dark-skinned Ethiopian female, Helen Yardley (hereinafter "Helen"). Helen was also employed by Open Range. Yardley and Helen disclosed their marital relationship in the workplace.

10. In the late summer or early fall 2022, Helen was moved from a position in the guard shack to a position in the plant by Defendant's Plant Manager, Paul L/N/U, after Helen complained to him that she was being harassed and singled out by several male co-workers.

11. After Helen was moved into the plant, Yardley made several internal complaints to supervisor Gabriel Yoder (hereinafter "Yoder") about the harassment and discrimination Helen was being subjected to by several coworkers. Yardley and Helen complained that a male co-worker named Eddie L/N/U approached Helen during working hours and asked her if she was married, where she came from and where she lived. Yardley and Helen interaction made Helen uncomfortable and afraid. Yoder agreed that the conduct was inappropriate but took no other action other than moving Helen to a different area, away from Eddie.

12. After being moved to another area of the plaint, Yardley further complained to Yoder and Human Resources that Helen was being harassed and discriminated against by several

male coworkers. Yardley complained that a co-worker named Mike L/N/U and his friends started following Helen in the plant, leering at her, laughing at her and taking photos of her. Yardley reported that Mike and the other male coworkers were throwing meat down the line to Helen hard and fast so that it would hit her hands and/or body. Yardley reported that Helen came home from work crying that her hands were hurting because of their harassment. Yardley also reported that Mike was discriminating or retaliating against Helen by refusing to let her order company product. Even after Yardley's complaints, the harassment and discrimination continued.

13.　　On October 31, 2022, Yardley complained to local law enforcement and Yoder after learning that Mike L/N/U threatened Helen by stabbing a piece of meat while looking at her and telling another co-worker, Isaac L/N/U, that Helen should not report him or go to the police. Yardley participated in Defendant's investigation of the complaint.

14.　　On November 2, 2022, Yardley received a text from Yoder asking him to come into the plant during his time off. When Yardley arrived to the plant, Yoder terminated Yardley for instigating conflict with other employees.

15.　　Prior to his discharge, Plaintiff's job performance was satisfactory.

16.　　At the time of his termination, Plaintiff was earning approximately $558.32 per week, plus benefits working full time hours for Defendant. As part of his compensation, Plaintiff also was eligible to receive fringe benefits in amount that is currently unknown to Plaintiff and will be subject to further discovery. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful conduct are in excess of $26,000 and are continuing.

17.　　As a result of Defendant's wrongful conduct, Plaintiff suffered lost wages, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and has also incurred attorney's fees and other costs that are continuing.

## COUNTS I & II

## NATIONAL ORIGIN DISCRIMINATION

### 42 U.S.C. §§2000(e) et seq. and Neb. Rev. Stat. §48-1104

18. Plaintiff hereby incorporates paragraphs 1 through 17 as if fully set forth herein and states:

19. Defendant's managers and coworkers harassed and made discriminatory and/or xenophobic remarks referencing Plaintiff's wife's accent, background, and cultural practices.

20. Defendant discriminated against Plaintiff with respect to terms and conditions of his employment on the basis of his association with a person with a different national origin in violation of the Title VII and the NEFEPA by treating him differently than similarly situated employees not married to foreign born individuals.

21. Plaintiff suffered adverse action, including but not limited to termination.

22. Plaintiff's association with a person with a different national origin was a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

23. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

## COUNTS III & IV

## RACE/COLOR DISCRIMINATION

### 42 U.S. Code § 2000e-2 and Neb. Rev. Stat. §48-1104

24. Plaintiff hereby incorporates paragraphs 1 through 23 as if fully set forth herein and states:

25. Defendant discriminated against Plaintiff with respect to terms and conditions of his employment on the basis of his association with a person with a different race and/or color in violation of the Title VII and the NEFEPA by treating him differently than similarly-situated co-workers who are married to light skinned individuals.

26. Defendant's employees harassed and made derogatory and racially charged comments about Plaintiff's wife and their relationship, including but not limited to comments regarding her appearance and their marriage.

27. Plaintiff suffered adverse action, including but not limited to termination.

28. Plaintiff's association with a person with a different color was a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

29. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

## COUNTS V & VI

### RETALIATION

### 42 U.S.C. § 2000(e) et seq. and Neb. Rev. Stat. §48-1114

30. Plaintiff hereby incorporates paragraphs 1 through 29 as if fully set forth herein and states:

31. During his employment, Plaintiff engaged in protected activity, including but not limited to exercising his rights by internally complaining of sex, race and national origin

discrimination, harassment and retaliation and participating in an internal investigation into sex, race and national origin discrimination, harassment and retaliation.

32. Defendants took adverse employment action against Plaintiff, including but not limited to subjecting him to discipline and termination.

33. There is a causal connection between Plaintiff's participation in protected activity and Defendant's adverse action against him.

34. As a result of Defendant's retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

### COUNT VII
### WRONGFUL TERMINATION IN VIOLATION
### OF NEBRASKA PUBLIC POLICY

35. Plaintiff hereby incorporates paragraphs 1 through 34 as if fully set forth herein and states:

36. Defendant was at all times material an "employer" within the meaning of Nebraska common law.

37. During his employment, Plaintiff engaged in protected activity, including but not limited to reporting and opposing discrimination, physical assault and battery, terroristic threats, intimidation and other criminal conduct and violations of state law.

38. Defendant took adverse employment action against Plaintiff, including but not limited to subjecting him to termination.

39. There is a causal connection between Plaintiff's participation in protected activity and Defendant's adverse action against him.

40. As a result of Defendant's wrongful conduct, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and attorney's fees.

## DAMAGES

41. Plaintiff hereby incorporates by reference paragraphs 1 through 40 and states:

42. As a result of Defendant's discrimination, retaliation and other wrongful conduct, Plaintiff has suffered damages and seeks the following relief:

   a. Back pay and lost benefits to the time of trial;

   b. Front pay including retirement and other benefits;

   c. Federal and state income tax gross up to offset increased tax liability for lost wage award;

   d. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

   e. Attorney's fees, expert witness fees and other reasonable costs; and,

   f. Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate his for his injuries and damages, for all his general, special, and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury.

Dated: May 14, 2025.

                                                MARK S. YARDLEY, Plaintiff

                      BY:    s/ Jennifer Turco Meyer
                                   Jennifer Turco Meyer, 23760
                                   Turco Meyer Law, LLC
                                   4309 South 174th Avenue
                                   Omaha, Nebraska 68135
                                   (402) 577-0252
                                   jennifer@turcomeyer.law
                                   Attorney for Plaintiff